UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM WHITSITT,<br><br>             Plaintiff,<br><br>       v.<br><br>AMAZON.COM, et al.,<br><br>             Defendants. | No.  2:14-cv-416 TLN CKD PS<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se.  The action was referred to this court by Local Rule 302(c)(21).

Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  By order filed February 7, 2014, plaintiff was ordered to show cause why this action should not be dismissed for false statements made on the in forma pauperis affidavit.  Plaintiff has filed a response in which he asserts any omissions on his affidavit were due to mistake or inadvertence.  In light of plaintiff's pro se status, the court will give plaintiff the benefit of the doubt and discharge the order to show cause.  It appears from plaintiff's response that plaintiff is unable to prepay fees and costs or give security for them.[1]  Accordingly, the request to proceed in

---

[1] Plaintiff's supplemental "affidavit" was not sworn under penalty of perjury.  Plaintiff is cautioned that in any future actions in which plaintiff seeks in forma pauperis status, the affidavit made in support of the application to proceed in forma pauperis must be sworn under penalty of perjury and must set forth complete and accurate information regarding plaintiff's financial status.

forma pauperis will be granted.  28 U.S.C. § 1915(a).

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at

least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must set forth the jurisdictional grounds upon which the court's jurisdiction depends. Federal Rule of Civil Procedure 8(a). Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

Plaintiff alleges claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. and state law claims. The ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). To establish a prima facie case of an ADEA violation, the plaintiff must show that he (1) belonged to a protected class [age 40 or older]; (2) was satisfactorily performing his job or was qualified for hire or promotion; (3) was terminated, rejected for employment, or otherwise subjected to an adverse employment action; and (4) was replaced by a substantially younger employee with equal or inferior qualifications. See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1280-81 (9th Cir. 2000). Plaintiff is also advised that under California law, the elements of a prima facie case for the tort of intentional infliction of emotional distress are "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard [for] the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." Davidson v. City of Westminster (1982) 32 Cal.3d 197, 209.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375

1  F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no

2  longer serves any function in the case. Therefore, in an amended complaint, as in an

3  original complaint, each claim and the involvement of each defendant must be sufficiently

4  alleged.

5  Plaintiff's complaint is 44 pages long, contains multiple sections with small print and

6  single spacing, and also contains a large amount of material irrelevant to plaintiff's claims.

7  Furthermore, several passages are repeated virtually verbatim throughout the complaint. As a

8  model for drafting an amended complaint, plaintiff is directed to McHenry v. Renne, 84 F.3d

9  1172, 1177 (9th Cir. 1996). There, the Ninth Circuit Court of Appeal upheld the dismissal of a

10 complaint it found to be "argumentative, prolix, replete with redundancy, and largely irrelevant.

11 It consists largely of immaterial background information." It observed that the Federal Rules

12 require that a complaint consist of "simple, concise, and direct" averments. Id. As a model of

13 concise pleading, the court quoted the standard form negligence complaint from the Appendix to

14 the Federal Rules of Civil Procedure:

> 1. Allegation of jurisdiction.
>
> 2. On June 1, 1936, in a public highway, called Boylston Street, in Boston Massachusetts, defendant negligently drove a motor vehicle against plaintiff, who was then crossing said highway.
>
> 3. As a result plaintiff was thrown down and had his leg broken, and was otherwise injured, was prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one thousand dollars.
>
> Wherefore plaintiff demands judgment against defendant in the sum of one thousand dollars.

23 Id. Phrased another way, "Vigorous writing is concise." William Strunk, Jr. & E.B. White, The

24 Elements of Style, § III, ¶ 13 <http://www.bartleby.com/141>. Accordingly, any amended

25 complaint shall not exceed fifteen pages, shall not use a font smaller than 12 Times New Roman,

26 and shall not use single spacing except for any block quotations.

27 Plaintiff has filed a motion for preliminary injunction and a motion for permanent

28 injunction. The legal principles applicable to a request for preliminary injunctive relief are well

4

established. "The traditional equitable criteria for granting preliminary injunctive relief are (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if the preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)." Dollar Rent A Car v. Travelers Indem. Co., 774 F.2d 1371, 1374 (9th Cir. 1985). The criteria traditionally are treated as alternative tests. "Alternatively, a court may issue a preliminary injunction if the moving party demonstrates 'either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor.'" Martin v. International Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984) (quoting William Inglis & Sons Baking Co. v. ITT Continental Baking Co., 526 F.2d 86, 88 (9th Cir. 1975). See also Alliance for the Wild Rockies v. Cottrell, 622 F.3d 1045, 1049-50 (9th Cir. 2010). The Ninth Circuit has reiterated that under either formulation of the principles, if the probability of success on the merits is low, preliminary injunctive relief should be denied: Martin explicitly teaches that "[u]nder this last part of the alternative test, even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits." Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (quoting Martin v. International Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984)). Because plaintiff's complaint will be dismissed, the court cannot determine whether there is a fair chance for success on the merits. In addition, plaintiff fails to demonstrate irreparable injury. The motions for injunctive relief should therefore be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The order to show cause (ECF No. 5) is discharged.

2. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted;

3. Plaintiff's complaint is dismissed;

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint shall not exceed fifteen pages, shall not use a font smaller than 12 Times New Roman, and shall not use single spacing except for any block

1 quotations; the amended complaint must bear the docket number assigned this case and must be
2 labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended
3 complaint; failure to file an amended complaint in accordance with this order will result in a
4 recommendation that this action be dismissed; and

5     IT IS HEREBY RECOMMENDED that plaintiff's motions for injunctive relief (ECF Nos
6 3, 4) be denied.

7     These findings and recommendations are submitted to the United States District Judge
8 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
9 after being served with these findings and recommendations, any party may file written
10 objections with the court and serve a copy on all parties.  Such a document should be captioned
11 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
12 within the specified time may waive the right to appeal the District Court's order.  Martinez v.
13 Ylst, 951 F.2d 1153 (9th Cir. 1991).

14 Dated:  March 6, 2014

    _____
    CAROLYN K. DELANEY
    UNITED STATES MAGISTRATE JUDGE

18 4 whit416.ifp-lta