UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM WHITSITT, | No. 2:14-cv-0416 TLN CKD PS |
| Plaintiff, | |
| v. | ORDER |
| AMAZON.COM, et al., | |
| Defendants. | |

Plaintiff is proceeding in this action pro se and in forma pauperis. The action was referred to this court by Local Rule 302(c)(21).

Plaintiff has filed an amended complaint. The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

/////

1

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must set forth the jurisdictional grounds upon which the court's jurisdiction depends. Federal Rule of Civil Procedure 8(a). Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

Plaintiff was previously advised of the requirements for stating a claim under the ADEA and for intentional infliction of emotional distress. The court will repeat those standards for

purposes of guiding plaintiff in filing an amended complaint.  The Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).  To establish a prima facie case of an ADEA violation, the plaintiff must show that he (1) belonged to a protected class [age 40 or older]; (2) was satisfactorily performing his job or was qualified for hire or promotion; (3) was terminated, rejected for employment, or otherwise subjected to an adverse employment action; and (4) was replaced by a substantially younger employee with equal or inferior qualifications.  See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1280-81 (9th Cir. 2000).  Plaintiff is also advised that under California law, the elements of a prima facie case for the tort of intentional infliction of emotional distress  are "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard [for] the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." Davidson v. City of Westminster (1982) 32 Cal.3d 197, 209.

Plaintiff also makes vague allegations regarding an alleged invasion of his privacy rights because his disciplinary proceedings were not handled by a supervisor.  Such a claim does not give rise to a cause of action for invasion of plaintiff's privacy rights.  See Porten v. University of San Francisco, 64 Cal. App. 3d 825 (1976) (liability for the common-law tort requires publicity; disclosure to a few people in limited circumstances does not violate the right); see also Shulman v. Group W Productions, Inc., 18 Cal.4th 200 (1998) (facts disclosed must be offensive or objectionable to a reasonable person); Hill v. National Collegiate Athletic Assn., 7 Cal. 4th 1, 35-37 (1994) (to state a claim under California constitutional right of privacy, plaintiff must allege a legally protected privacy interest, reasonable expectation of privacy, and serious invasion of privacy interest).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended

complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In violation of the court's prior order granting plaintiff leave to file an amended complaint, plaintiff filed a twenty page complaint, replete with duplicative sections that were virtually cut and pasted from plaintiff's original complaint.  It appears plaintiff made no attempt to concisely state his claims.  The amended complaint also contains 35 lines per page, rather than 28 lines per page.  If plaintiff files a second amended complaint, plaintiff is limited to 15 pages; the lines of type per page shall not exceed 28.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to exceed the page limit for filing an amended complaint (ECF No. 9) is denied;

2. Plaintiff's amended complaint is dismissed;

3. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint shall not exceed fifteen pages, shall not exceed twenty eight lines per page, shall not use a font smaller than 12 Times New Roman, and shall not use single spacing except for any block quotations; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  April 4, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 whit416.lta.2