UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM WHITSITT,<br><br>                Plaintiff,<br><br>        v.<br><br>AMAZON.COM, et al.,<br><br>                Defendants. | No. 2:14-cv-0416 TLN CKD PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se and in forma pauperis. The action was referred to this court by Local Rule 302(c)(21).

Plaintiff has filed a second amended complaint. The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

/////

1

A complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

In this action, plaintiff alleges that he was hired as a temporary employee by defendant SMX Staffing Agency to perform services for defendant Amazon.Com. Plaintiff further asserts that he sought employment with defendant Amazon.Com as a direct hire/permanent employee but was not hired for such a position. Plaintiff alleges claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., and for intentional infliction of emotional distress and invasion of privacy.[1] Plaintiff was previously advised of the elements for stating a claim for those causes of action. The ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). To establish a prima facie case of an ADEA violation, the plaintiff must show that he (1) belonged to a protected class [age 40 or older]; (2) was satisfactorily performing his job or was qualified for hire or promotion; (3) was terminated, rejected for employment, or otherwise subjected to an adverse employment action; and (4) was replaced by a substantially younger employee with equal or inferior qualifications. See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1280-81 (9th Cir. 2000). In the second amended complaint, although plaintiff in conclusory fashion alleges he was qualified for the position for which he sought permanent employment, plaintiff also acknowledges that he was disciplined while

/////

---

[1] Plaintiff variously titles his causes of action. To the extent this court can decipher plaintiff's pleadings, it appears that these claims are the gravamen of the complaint.

employed at Amazon.Com as a temporary employee for failing to meet certain quality standards. As such, plaintiff cannot demonstrate the second element of a cause of action under the ADEA.

Under California law, the elements of a prima facie case for the tort of intentional infliction of emotional distress are "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard [for] the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." Davidson v. City of Westminster (1982) 32 Cal.3d 197, 209. The conclusory allegations plaintiff sets forth in his second amended complaint do not state a claim for intentional infliction of emotional distress.

Plaintiff also makes vague allegations regarding an alleged invasion of his privacy rights because his disciplinary proceedings were not handled by a supervisor. Such a claim does not give rise to a cause of action for invasion of plaintiff's privacy rights. See Porten v. University of San Francisco, 64 Cal. App. 3d 825 (1976) (liability for the common-law tort requires publicity; disclosure to a few people in limited circumstances does not violate the right); see also Shulman v. Group W Productions, Inc., 18 Cal.4th 200 (1998) (facts disclosed must be offensive or objectionable to a reasonable person); Hill v. National Collegiate Athletic Assn., 7 Cal. 4th 1, 35-37 (1994) (to state a claim under California constitutional right of privacy, plaintiff must allege a legally protected privacy interest, reasonable expectation of privacy, and serious invasion of privacy interest).

Plaintiff has now filed three complaints. Plaintiff's second amended complaint again suffers from the deficiencies previously noted with regard to the original and first amended complaints. In each complaint, plaintiff has failed to allege in a nonconclusory fashion the proper elements for the causes of action pled in the complaint. Despite repeated opportunities to cure the deficiencies in his complaints, plaintiff has failed to do so. Moreover, it appears that further amendment would be futile.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 6, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 whitsitt-amazon0416.57