UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM J. WHITSITT,

    Plaintiff,

    v.

AMAZON.COM,

    Defendant.

No. 2:14-cv-00416 TLN CKD (PS)

FINDINGS AND RECOMMENDATIONS

I. Introduction

On July 12, 2017, the court held a hearing on defendant Amazon's motion to dismiss the remaining claim in this action. (ECF No. 33.) Plaintiff appeared pro se, and defendant was represented by Chandra Russell. Plaintiff opposed the motion to dismiss, and defendant filed a reply. (ECF Nos. 51 & 52.) Plaintiff also filed a "second opposition," construed as a sur-reply. (ECF No. 55.) After arguments, the court took the matter under submission.

Briefly, the procedural history is as follows: This court dismissed plaintiff's second amended complaint (ECF No. 13 ("SAC")) in June 2014. (ECF No. 16) In September 2016, the Ninth Circuit affirmed dismissal of all claims but one: plaintiff's claim that "he was not hired by Amazon.com, and he was qualified for the positions for which he applied, but younger, less qualified individuals were hired." (ECF No. 23.) Plaintiff's failure-to-hire claim under the Age Discrimination in Employment Act (ADEA) was remanded to the district court.

1

In his remanded claim, plaintiff alleges that, at all relevant times, he was over 40 years old (age 59). (SAC at 3.) On August 10, 2013, he completed an Amazon online application and uploaded his resume. (Id. at 4.) He was not "directly hired" by Amazon as a permanent hire, despite being well-qualified for open positions, with experience in manufacturing, warehousing, quality control, and other fields. (Id. at 3.) Instead, Amazon "directly hired over me considerably younger 25-year-olds and less qualified applicants which I witnessed working for Amazon." (Id.) On September 29, 2013, he was hired by SMX Staffing for a temporary position at an Amazon facility. (Id. at 4.) Plaintiff's age discrimination and retaliation claims against SMX, based on subsequent events, have been dismissed from this action.

II. Legal standards

A. Rules 12(b)(1) & 12(b)(6)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) tests the subject matter jurisdiction of the court. Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039-40 (9th Cir. 2003). A Rule 12(b)(1) motion will be granted if the complaint, when considered in its entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction. Id. at 1039, n.2; Thornhill Publ'g Co. v. General Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979). On a motion for lack of jurisdiction under Rule 12(b)(1), no presumptive truthfulness attaches to the plaintiff's allegations, as it does on a motion to dismiss under Rule 12(b)(6) or a motion for summary judgment under Rule 56. Id.

Challenges to jurisdiction under Rule 12(b)(1) may be facial (i.e., on the pleadings) or factual, permitting the court to look beyond the complaint. Savage v. Glendale Union High School, Dist. No. 205, 343 F.3d 1036, 1039-40, n.2 (9th Cir. 2003); see also White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). In a factual challenge, "the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. Unites States, 850 F.2d 558, 560 (9th Cir. 1988). See also Biotics Research Corp. v. Heckler, 710 F.2d 1375, 1379 (9th Cir. 1983) (consideration of material outside the pleadings did not convert a Rule 12(b)(1) motion into one for summary judgment).

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Under Rule 12(b)(6), the court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading[.]" Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by Gailbraith v. County of Santa Clara, 307 F.3d 1119, 1127 (9th Cir. 2002); see also Steckman v. Hart Brewing Co., Inc., 143 F.3d 1293, 1295-96 (9th Cir. 1998) (on Rule 12(b)(6) motion, court is "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint.")

B. Exhaustion of remedies

The ADEA mandates:

> No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission [EEOC].
>
> . . .
>
> Upon receiving such a charge, the Commission shall promptly notify all persons named in such charge as prospective defendants in the action and shall promptly seek to eliminate any unlawful practice by informal methods of conciliation, conference, and persuasion.

3

29 U.S.C. § 626(d)(1)-(2). "The filing of an EEOC charge is a prerequisite to bringing a civil action under the [ADEA]." Albano v. Schering-Plough Corp., 912 F.2d 384, 386 (1990), citing 29 U.S.C. § 626(d). "The scope of a civil action alleging age discrimination is limited by the charge filed with the EEOC (the "scope requirement"). [Citation.] Claims regarding incidents not listed in an EEOC charge may nevertheless be asserted in a civil action if they are 'like or reasonably related to the allegations of the EEOC charge.' [Citation.]" Id.

III. Parties' arguments

Defendant argues that the court lacks jurisdiction because plaintiff has not exhausted administrative remedies for his failure-to-hire claim against Amazon. Defendant also argues that plaintiff has not sufficiently pled exhaustion and, at a minimum, should be required to amend his complaint to attach his EEOC charge and plead specific facts showing he has exhausted his administrative remedies for the operative claim. (ECF No. 34.)

Plaintiff first argues that he was not required to exhaust administrative remedies as to his ADEA claim. This position is contrary to the plain language of the ADEA. See 29 U.S.C. § 626(d)(1) ("No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission [EEOC]."). In Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982), cited by plaintiff, the Supreme Court held that, in a Title VII action, "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." See also Forester v. Chertoff, 500 F.3d 920, 928 (9th Cir. 2007) (holding that thirty-day waiting period before filing suit under the ADEA was "not jurisdictional"); Albano v. Schering-Plough Corp., 912 F.2d 384, 386 n.1 (9th Cir. 1990) (Ninth Circuit generally applies same basic standards to ADEA and Title VII cases).[1] In reply, defendant points out that the Ninth Circuit has held that, "[a]lthough failure to file an EEOC complaint is not a complete bar to district court jurisdiction, substantial compliance with the exhaustion requirement is a jurisdictional pre-

---

[1] Plaintiff makes no assertion that the doctrines of waiver, estoppel, or equitable tolling apply here.

1 requisite." Leong v. Potter, 347 F.3d 1117, 1122 (9th Cir. 2003).  Moreover, defendant argues,
2 even assuming the exhaustion requirement is statutory rather than jurisdictional, plaintiff has
3 failed to plead exhaustion under Rule 12(b)(6) and thus failed to state a claim.

4 Plaintiff next contends that he exhausted his claim against Amazon.  First, he complained
5 to Amazon's human resources department about the alleged age discrimination in October,
6 November, and December 2013.  (SAC at 3.)

7 On January 6, 2014, plaintiff signed and mailed an EEOC intake questionnaire answer
8 sheet to the EEOC.  (ECF No. 51 at 12, 14-25).  In it, he described various incidents at Amazon
9 and SMX Staffing, including his application to Amazon in August 2013, his hire by SMX
10 Staffing in September 2013, and his observation that many permanent Amazon employees were
11 younger and less qualified than he.  (ECF No. 51 at 14.)  Plaintiff made numerous other
12 allegations not relevant to the remaining claim and asserted retaliation, discrimination, and
13 ADEA violations.  From the rambling and somewhat disorganized recitation of events in the
14 answer sheet, it is not clear whether plaintiff is alleging certain violations by Amazon, SMX
15 Staffing, or both.  Plaintiff does not ask the EEOC to take any specific remedial action against
16 either Amazon or SMX.

17 Defendant denies this answer sheet served to exhaust administrative remedies as to
18 Amazon.  (ECF No. 52.)  Defendant cites Federal Express Corp. v. Holowecki, 552 U.S. 389
19 (2008), in which the Supreme Court considered whether an EEOC intake questionnaire
20 constituted a "charge" under the ADEA's exhaustion provision in § 626(d).  Holowecki held that
21 a questionnaire does not necessarily satisfy the filing of a "charge" for exhaustion purposes, and
22 that "the agency is not required to treat every completed Intake Questionnaire as a charge." Id. at
23 405. The Supreme Court concluded that: "In addition to the information required by the
24 regulations, i.e., an allegation and the name of the charged party, if a filing is to be deemed a
25 charge it must be reasonably construed as a request for the agency to take remedial action to
26 protect the employee's rights or otherwise settle a dispute between the employer and employee."
27 Id. at 402. Under this standard, the questionnaire in Holowecki sufficed to exhaust remedies, but
28 defendant argues the instant case is distinguishable: "[W]hile the . . . questionnaire lists Amazon

as an employer, it does not contain the critical request for the agency to take remedial action or otherwise settle an alleged dispute between Amazon and Whitsitt." (ECF No. 52 at 7-8.)

Notably, plaintiff's intake questionnaire answer sheet is not on an EEOC form, nor does it answer EEOC questions. Rather, it is a word processing document containing numerous allegations but making no specific request for relief. Applying Holowecki, courts have reviewed the language of the EEOC intake form to determine whether filling it out constitutes an employee's request for action, see e.g., Stewart v. SEIU United Healthcare Workers-West, 2012 WL 1357633, **2-3 (N.D. Cal. April 17, 2012), but here there is no form to review.

It was initially unclear whether plaintiff filed another charge with the EEOC, separate from the intake sheet. No copy of any such charge is in the record, and Amazon never received notice of one. At the hearing on the motion, plaintiff stated that he had no copy of another charge and did not remember signing or filing such a charge.

Defendant submits a "Notice of Charge of Discrimination" in EEOC Charge No. 550-2014-00316, dated January 22, 2014 and addressed to "SMX Staffing For Amazon.com." (ECF No. 53-1, Russell Decl., Ex. A.) The notification states that plaintiff filed a charge of discrimination "against your organization" under Title VII of the Civil Rights Act and the ADEA, alleging age discrimination and retaliation. (Id.) The notification lists the earliest date of alleged discrimination as December 1, 2013, nearly four months after plaintiff applied to Amazon.[2] (Id.) It lists the violation as "continuing." (Id.)

On April 4, 2014, the EEOC issued a Notice of Right to Sue in Charge No. 550-2014-00316. (ECF No. 51 at 13.) The notice informs plaintiff that "[t]he EEOC is terminating its processing of this charge" and "closing your case," giving plaintiff ninety days to file suit in federal or state court under the ADEA. (Id.) The Notice is cc'd to "SMX Staffing for Amazon.com." (Id.)

---

[2] This date appear to correspond with the following allegation in plaintiff's intake sheet: "I Objected in Protest in Writing and demand for hearing with SMX and Amazon.com and Facts to Not being Hired and to Written Warning for Productivity on December 1, 2013. . . . I filed an Objection and Protest and demand for hearing and not being hired with SMS and Amazon.com December 1, 2013 also." (ECF No. 51 at 17.)

Based on the EEOC's documentation of the charge, defendant contends that it does not "substantially comply" with the requirement to present the failure-to-hire claim against Amazon, as "the EEOC does not even consider Amazon a respondent to the charge." (ECF No. 34 at 12.) In fact, defendant asserts, Amazon never "received notice of the charge or had the opportunity to participate in any conciliation effort with Whitsitt."[3] (Id. at 5.) Defendant also cites the December 2013 timeframe listed in the EEOC charge as evidence that plaintiff's federal claim is outside the scope of that charge, as Amazon's alleged discrimination took place in August and September 2013.

IV.  Analysis

To summarize the record, plaintiff submitted a lengthy and somewhat confusing intake sheet to the EEOC asserting various violations by Amazon and SMX, but requesting no remedial action. The EEOC construed this as a "charge," but only against SMX and only concerning actions beginning in December 2013 and ongoing.[4] The EEOC further construed the charge as asserting Title VII and ADEA claims against SMX; accordingly, it served notice on SMX. Amazon was never served with the charge and had no opportunity to take remedial action as to plaintiff. Three months later, the EEOC informed plaintiff that they were closing their case based on the charge, such that plaintiff had ninety days to file a lawsuit; again, this notice was cc'd to SMX but not to Amazon.

This case has been winnowed down to one claim: that Amazon discriminatorily failed to hire plaintiff for a permanent position when he applied in August 2013. The undersigned concludes that the EEOC charge and investigation did not encompass the failure-to-hire claim against Amazon. There appears to be no meaningful addition to the record on this issue, such as

---

[3] Questioned at the hearing about the relationship between Amazon and SMX, defendant's counsel clarified that SMX was a contracted vendor with Amazon that staffed temporary employees and had a different business address than Amazon. Plaintiff's remaining claim concerns Amazon's failure to hire him for a permanent position; SMX, in fact, hired him for a temporary position at an Amazon facility.

[4] Under Holowecki, the EEOC was "not required" to treat plaintiff's intake answer sheet as a charge against either Amazon or SMX, because it did not seek remedial action.

1   another EEOC charge filed by plaintiff.

2   This leaves the question of whether the claim against Amazon is "like or reasonably related to the claims [plaintiff] presented to the EEOC." Leong, 347 F.3d at 1121. In Leong, the Ninth Circuit "construed [plaintiff's] EEOC charge with the utmost liberality[.]" Id. Moreover, the Ninth Circuit has held that "[s]ubject matter jurisdiction extends over all allegations of discrimination that either fell within the scope of the EEOC's actual investigation or an EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Josephs v. Pacific Bell, 443 F.3d 1050, 1062 (9th Cir. 2006) (emphasis in original); see also Bower v. City and County of San Francisco, 2012 WL 2951416, *1 (9th Cir. July 20, 2012) (considering whether federal claims were "within the scope of an investigation that reasonably could be expected to grow out of" claims presented to the EEOC). Under this standard, the court concludes that plaintiff's allegations of age discrimination by Amazon in the intake sheet are sufficiently related to EEOC Charge No. 550-2014-00316 so as to establish subject matter jurisdiction and/or fulfill the statutory exhaustion requirement.

3   Finally, defendant asks that, in light of the Ninth Circuit's order of remand, all allegations not related to the failure-to-hire claim against Amazon be stricken from the SAC pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.[5] Defendant has submitted a proposed SAC highlighting all allegations it considers relevant to this claim. (ECF No. 35-4, Russell Decl., Ex. D.) Plaintiff opposes any allegations being stricken. Motions to strike "are not favored, often being considers 'time wasters,' and will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." Dah Chong Hong, Ltd. v. Silk Greenhouse, Inc., 719 F. Supp. 1072, 1073 (M.D. Fla. 1989). Here, the determination of which allegations support the remaining claim is straightforward, and defendant is free to disregard irrelevant allegations in fashioning its response. Plaintiff is advised that the court, too, will disregard the many now-irrelevant allegations in the SAC, as the only matter before it is the failure-to-hire claim against Amazon. The court declines to formally strike any allegations.

---

[5] Rule 12(f) provides for the striking from a pleading of "any redundant, immaterial, impertinent, or scandalous matter."

Accordingly, IT IS HEREBY RECOMMENDED that defendant's motion to dismiss (ECF No. 33) be denied and defendant Amazon be directed to answer to the Second Amended Complaint.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 14, 2017

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 whitsitt0416.mtd_fr