UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

WILLIAM J. WHITSITT,

    Plaintiff,

v.

AMAZON.COM,

    Defendant.

No. 2:14-cv-00416-TLN-CKD

**ORDER**

Plaintiff is proceeding pro se in this action. The matter was referred to a United States Magistrate Judge pursuant to Local Rule 302(c). On July 14, 2017, the magistrate judge filed findings and recommendations ("the F&R") herein, which contained notice that any objections to the F&R were to be filed within fourteen days. (ECF No. 56.) Defendant Amazon.com, Inc. ("Amazon") has filed objections to the F&R.[1] (ECF No. 59.) The magistrate judge recommended that (i) Amazon's motion to dismiss (ECF No. 33) be denied, and (ii) Amazon be directed to answer the Second Amended Complaint (ECF No. 13). After carefully reviewing the record, the Court adopts these recommendations, as supplemented, modified, and clarified herein.

**I.    ANALYSIS**

This Court dismissed Plaintiff's Second Amended Complaint. (ECF No. 16.) The Ninth

---

[1] Defendant indicates Amazon.com, Inc. is incorrectly named in the caption as "Amazon.com." (ECF No. 34 at 5 n.1.)

1

Circuit affirmed dismissal of all claims but one: failure-to-hire in violation of the Age Discrimination in Employment Act ("ADEA") against Amazon. (ECF No. 23.) At this point, Amazon moved to dismiss this claim under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction, as well as Rule 12(b)(6) for failure to sufficiently plead exhaustion of his ADEA claim. (ECF Nos. 33 & 34.) The F&R set out the standard of review for such motions. (*See* ECF No. 56 at 2:10–3:19.) The Court adopts that portion of the F&R, so there is no need to set it out again here.

As the magistrate judge correctly summarized, Amazon's Rule 12(b)(1) argument is this Court lacks jurisdiction because, in Defendant's view, Plaintiff has not exhausted his administrative remedies for his failure-to-hire claim against Amazon. (ECF No. 56 at 4.) Amazon's Rule 12(b)(6) argument is that Plaintiff has not sufficiently plead exhaustion, even if he has actually exhausted his claim. (ECF No. 56 at 4.) Thus, at a minimum, Amazon contends Plaintiff should be required to amend his complaint to attach his EEOC charge and plead specific facts showing exhaustion. (ECF No. 56 at 4.) The magistrate judge correctly summarized the two arguments Plaintiff offered in response: First, Plaintiff argues he was not required to exhaust administrative remedies as to his ADEA claim. (ECF No. 56 at 4–5.) Second, Plaintiff contends he did exhaust his claim against Amazon. (ECF No. 56 at 5.)

As the magistrate judge's analysis demonstrates, Plaintiff's first argument is plainly wrong. The ADEA imposes a requirement to exhaust administrative remedies. (*See* ECF No. 56 at 3–4 (quoting 29 U.S.C. § 626(d)(1) ("No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission.") and citing *Albano v. Schering-Plough Corp.*, 912 F.2d 384, 386 (9th Cir. 1990) ("The filing of an EEOC charge is a prerequisite to bringing a civil action under the [ADEA].")).

Under Ninth Circuit precedent, substantial compliance with the administrative exhaustion requirement is a jurisdictional prerequisite to such a claim. *Sommatino v. United States*, 255 F.3d 704, 708 (9th Cir. 2001) (emphasis removed). The jurisdictional scope of an ADEA plaintiff's civil action depends upon the scope of the charge filed with the Equal Employment Opportunity

Commission ("EEOC") and the agency's subsequent investigation. *See Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990). A district court also "has jurisdiction over any charges of discrimination that are 'like or reasonably related to' the allegations made before the EEOC, as well as charges that are within the scope of an EEOC investigation that reasonably could be expected to grow out of the allegations." *Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003).

The ADEA does not define the term "charge." *Federal Express Corp. v. Holowecki*, 552 U.S. 389, 395 (2008). However, the Supreme Court concluded in *Holowecki* that:

> In addition to the information required by the regulations, i.e., an allegation and the name of the charged party, *if a filing is to be deemed a charge it must be reasonably construed as a request for the agency to take remedial action* to protect the employee's rights or *otherwise settle a dispute* between the employer and the employee.

*Id*. at 402 (emphasis added).

The magistrate judge summarized the parties' submissions in connection with Plaintiff's second argument as follows:

> [Plaintiff] complained to Amazon's human resources department about the alleged age discrimination in October, November, and December 2013. [(ECF No. 13.)]
>
> On January 6, 2014, [P]laintiff signed and mailed an EEOC intake questionnaire answer sheet to the EEOC. (ECF No. 51 at 12, 14-25). In it, he described various incidents at Amazon and SMX Staffing, including his application to Amazon in August 2013, his hire by SMX Staffing in September 2013, and his observation that many permanent Amazon employees were younger and less qualified than he. (ECF No. 51 at 14.) Plaintiff made numerous other allegations not relevant to the remaining claim and asserted retaliation, discrimination, and ADEA violations. From the rambling and somewhat disorganized recitation of events in the answer sheet, it is not clear whether [P]laintiff is alleging certain violations by Amazon, SMX Staffing, or both. Plaintiff **does not ask the EEOC to take any specific remedial action** against either Amazon or SMX.
>
> . . . .
>
> Notably, [P]laintiff's intake questionnaire answer sheet is not on an EEOC form, nor does it answer EEOC questions. Rather, it is a word processing document containing numerous allegations but **making no specific request for relief**.
>
> It was initially unclear whether [P]laintiff filed another charge with

3

> the EEOC, separate from the intake sheet. No copy of any such charge is in the record, and Amazon never received notice of one. At the hearing on the motion, [P]laintiff stated that he had no copy of another charge and did not remember signing or filing such a charge.
>
> [Amazon] submits a "Notice of Charge of Discrimination" in EEOC Charge No. 550-2014-00316, dated January 22, 2014 and addressed to "SMX Staffing For Amazon.com." (ECF No. 53-1, Russell Decl., Ex. A.) The notification states that [P]laintiff filed a charge of discrimination "against your organization" under Title VII of the Civil Rights Act and the ADEA, alleging age discrimination and retaliation. (Id.) The notification lists the earliest date of alleged discrimination as December 1, 2013, nearly four months after [P]laintiff applied to Amazon. (Id.) It lists the violation as "continuing." (Id.)
>
> On April 4, 2014, the EEOC issued a Notice of Right to Sue in Charge No. 550-2014-00316. (ECF No. 51 at 13.) The notice informs [P]laintiff that "[t]he EEOC is terminating its processing of this charge" and "closing your case," giving [P]laintiff ninety days to file suit in federal or state court under the ADEA. (Id.) The Notice is cc'd to "SMX Staffing for Amazon.com."
>
> . . . .
>
> To summarize the record, [P]laintiff submitted a lengthy and somewhat confusing intake sheet to the EEOC asserting various violations by Amazon and SMX, **but requesting no remedial action**. The EEOC construed this as a "charge," but only against SMX and only concerning actions beginning in December 2013 and ongoing. The EEOC further construed the charge as asserting Title VII and ADEA claims against SMX; accordingly, it served notice on SMX. Amazon was never served with the charge and had no opportunity to take remedial action as to [P]laintiff. Three months later, the EEOC informed [P]laintiff that they were closing their case based on the charge, such that [P]laintiff had ninety days to file a lawsuit; again, this notice was cc'd to SMX but not to Amazon.

(ECF No. 56 at 5–7 (emphasis added) (footnotes omitted).)

The SMX referenced in the above quoted paragraphs is a defendant who has since been dismissed from this case. In a footnote, the magistrate judge suggested that, "[u]nder *Holowecki*, the EEOC was 'not required' to treat [P]laintiff's intake answer sheet as a charge against either Amazon or SMX, because it did not seek remedial action." (ECF No. 56 at 7 n.4.) For reasons that will become clear from the discussion to follow, the Court does not adopt this footnote.

That being said, the F&R nevertheless treats Plaintiff's submissions to the EEOC as a charge without further discussion. This may be because the EEOC seems to have done so,

4

although this is not clearly stated. Whatever the reason, the magistrate judge concludes this "charge" and the related "investigation did not encompass the failure-to-hire claim against Amazon[, and t]here appears to be no meaningful addition to the record on this issue, such as another EEOC charge filed by [P]laintiff." (ECF No. 56 at 7–8.) Consequently, the magistrate judge proceeded to the question of "whether the claim against Amazon is 'like or reasonably related to the claims [Plaintiff] presented to the EEOC.'" (ECF No. 56 at 8 (citing *Leong*, 347 F.3d at 1121).) Ultimately, the magistrate judge concluded as follows: "[P]laintiff's allegations of age discrimination by Amazon in the intake sheet are sufficiently related to EEOC Charge No. 550-2014-00316 so as to establish subject matter jurisdiction and/or fulfill the statutory exhaustion requirement." (ECF No. 56 at 8.)

In essence, Amazon's objections are two-fold. First, Amazon argues that Plaintiff's only submission to the EEOC was not a "charge" in the relevant sense because it "lacked the requisite request for remedial action or relief that the U.S. Supreme Court found critical to constitute a charge in *Federal Express Corp. v. Holowecki,* 552 U.S. 389 (2008)." (ECF No. 59 at 2.) Second, the magistrate judge "misapplies the 'like or reasonably related' test," as it examines "the relatedness between the EEOC *charge* and *the present civil lawsuit*[.]" (ECF No. 59 at 3.) The Court will address these arguments in order.

With respect to the first argument, the Court will briefly return to *Holowecki*. As noted above, *Holowecki* makes clear that "if a filing is to be deemed a charge it must be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." *Holowecki*, 552 U.S. at 402. However, the Court did not stop there. The Court explained that a filer's state of mind was not determinative, but that the following would be in "accord with" the rule set out in the preceding sentence: a filing with the EEOC should be examined "from the standpoint of an objective observer to determine whether, by a reasonable construction of its terms, the filer requests the agency to activate its machinery and remedial processes." *Id*. The Supreme Court acknowledged that "under this permissive standard a wide range of documents might be classified as charges." *Id*. However, the Supreme Court concluded "this result is consistent with the design and purpose

of the ADEA." *Id.*

The Court has carefully reviewed the intake questionnaire (ECF No. 51 at 14–25). The Court agrees with the magistrate judge's characterization that it contains a rambling and somewhat disorganized recitation of events. Likewise, the Court was unable to locate a place where Plaintiff requested the EEOC to take any specific remedial action or specifically requesting relief. However, Plaintiff repeatedly makes future-looking statements that he will prove that he was subject to discriminatory treatment, at times attempting to use legal jargon. (*See, e.g.*, ECF No. 51 at 14 ("I applied for Amazon.com on or about 10th of August [2013] . . . . This is the fact from where all Discrimination acts originate from . . . . I noticed . . . that Amazon had hired 800 Permanent Employees considerably younger and less qualified than myself . . . . I Objected to not being hired by Amazon.com directly to their Human Resources Officers on or about October 17, 2013 . . . and again November 13, 2013[.]), 15–16 ("I *will further prove* that Considerably younger and favorite workers . . . . Considerably younger less qualified workers where [sic] treated much more favorably I witnessed this. . . . I witnesses [sic] all this and fully *expect to prove all this beyond a reasonable doubt*. . . . I *will prove* [younger, less qualified workers were] not promoted by Productivity and achievement; I *will prove . . . this to be true*. I witnessed this and I have *witnesses* that *will testify* to these facts."); 18 ("I thus, *expect to prove* by Subpoena of Facts . . . . that I was singled out . . . by Amazon.com . . . . I *will prove beyond any reasonable doubt*, Discriminatory and Retaliatory Intent in Disciplinary Actions and Termination action taken against me. . . . I do believe . . . those numbers *will prove beyond a Reasonable Doubt* that I was clearly treated less favorably and differently then [sic] other Considerably Younger workers . . . .") (emphasis added) (capitalization is as in the original).

In light of the foregoing, the Court thinks the permissive standard of *Holowekci* is plainly met. Simply put, "an objective observer" would "reasonabl[y] constru[e]" Plaintiff's submission as requesting "the agency to activate its machinery and remedial processes[.]" *Holowecki*, 552 U.S. at 402. Put another way, "reasonably construed," Plaintiff's submission is "a request for the agency to . . . otherwise settle a dispute between" him and those he contends discriminated against him. *Id.* Consequently, Amazon's first objection must be overruled.

The Court turns to Amazon's second objection. However, there is a preliminary matter that must be briefly addressed. Amazon suggests the F&R "construed . . . the 'Notice of Charge of Discrimination' dated January 22, 2014" as the "actual EEOC charge." (ECF No. 59 at 4.) Candidly, this strikes the Court as an unreasonable characterization of the F&R. Rather, it seems clear the magistrate thought the EEOC construed the intake sheet Plaintiff submitted as the charge and that the magistrate judge took the same position. (*See, e.g.*, ECF No. 56 at 6 ("It was initially unclear whether the [P]laintiff filed *another charge* with the EEOC, *separate from the intake sheet*.") (emphasis added), 7 ("[P]laintiff submitted a lengthy and somewhat confusing intake sheet to the EEOC asserting various violations. . . . The EEOC construed *this* as a 'charge' . . . .") (emphasis added).) In any event, the Court holds the intake sheet (ECF No. 51 at 14–25) is a "charge" within the meaning of the ADEA. To the extent anything in the F&R can be read as contrary to this holding, that portion of the F&R is not adopted.

Amazon did not object to the magistrate judge's conclusion "the EEOC charge and investigation did not encompass the failure-to-hire claim against Amazon." (ECF No. 56 at 7.) The Court accepts this for purposes of the instant motion. This does not end the inquiry. Ninth Circuit precedent on this point is as follows:

> The EEOC's failure to address a claim asserted by the plaintiff in her charge has no bearing on whether the plaintiff has exhausted her administrative remedies with regard to that claim. Similarly, as in the present action, whether the EEOC in fact conducted any investigation at all is not material for purposes of exhaustion. Subject matter jurisdiction extends over all allegations of discrimination that either *fell within the scope of* the EEOC's actual investigation or *an EEOC investigation which can reasonably be expected to grow out of the charge of discrimination*.
>
> We construe the language of EEOC charges with utmost liberality since they are made by those unschooled in the technicalities of formal pleading. The crucial element of a charge of discrimination is the factual statement contained therein."

*B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099–1100 (9th Cir. 2002) (emphasis added) (internal citations, alterations, and emphasis removed).

Amazon's argument in favor of its second objection is premised on *ignoring* the contents of the intake sheet. (ECF No. 59 at 3 ("Here, the Magistrate found that the intake questionnaire

did not meet the requirements of a charge, so the contents of that intake questionnaire do not determine whether the EEOC charge is like or reasonably related to the remaining claim in this lawsuit.") The magistrate judge, of course, did not find the requirements of a charge were not met. Perhaps, more importantly, the Court has demonstrated why such a conclusion would have been incorrect. As the Court rejects the premise of Amazon's argument in favor of its second objection, the Court will not address the second objection on its own terms. As the magistrate correctly notes, the "EEOC intake questionnaire answer sheet [Plaintiff submitted] to the EEOC . . . . described various incidents at Amazon . . ., including his application to Amazon in August 2013 . . . and his observation that many permanent employees were younger and less qualified than he." (ECF No. 56 at 5.) Once it properly understood that the intake form (ECF No. 51 at 14–25) is the relevant "charge," it is abundantly clear that the standard set out in *B.K.B.* is met. For the foregoing reasons, Amazon's second objection must also be rejected.

One more item requires brief discussion. Amazon takes the position that the Court should dismiss Plaintiff's Second Amended Complaint and "order Plaintiff to amend his complaint to properly assert satisfaction of his EEOC administrative prerequisites," if the Court rejects the just discussed objections, as the Court just has. (ECF No. 59 at 5.) This echoes its opening brief where Amazon argued that "at a minimum the Court should require Plaintiff to amend his complaint *to attach his EEOC charge* and otherwise plead specific facts that demonstrate he has exhausted his administrative remedies with respect to his failure to hire claim against Amazon." (ECF No. 34 at 15 (emphasis added).) At the risk of stating the obvious, Amazon made this argument in support of the Rule 12(b)(6) portion of its motion.

Amazon's position presupposes that a plaintiff in an ADEA claim is obligated to affirmatively plead exhaustion of its administrative remedies in his complaint. The Supreme Court has explicitly held "that filing a timely charge of discrimination with the EEOC is . . . a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). It is not immediately obvious why failure to exhaust administrative remedies is not an affirmative defense. *See, e.g.*, *Guerrero v. Vilsack*, 134 F. Supp. 3d 411, 429 (D.D.C. 2015) ("Because untimely exhaustion of

8

administrative remedies [in the ADEA context] is an affirmative defense, a defendant bears the burden of proof.") Obviously, a plaintiff with an ADEA claim "is not required to anticipate and plead around affirmative defenses." *Bridgeford v. Salvation Army*, No. 3:17-CV-03180, 2018 WL 357801, at *3 (C.D. Ill. Jan. 10, 2018). Amazon did not meaningfully address this point in its opening brief. (ECF No. 34 at 14–15.) Consequently, the Court is not obligated to address this argument. *See Kaur v. City of Lodi*, 263 F. Supp. 3d 947, 974 n.7 (E.D. Cal. 2017) ("The Court will not address arguments presented for the first time in a reply brief.") The Court declines to do so definitively here given the poverty of briefing on this point. *Williams v. Eastside Lumberyard & Supply Co.*, 190 F. Supp. 2d 1104, 1114 (S.D. Ill. 2001).

Even assuming for the moment that Plaintiff is required to plead exhaustion, it is not clear to the Court why Plaintiff's allegations in the instant case are deficient. Plaintiff clearly alleges that he "filed for Hearing with Amazon.com . . . . I have filed Complaint with EEOC, on: January 10th, 2014. I can get a Right to Sue Letter upon your request." (ECF No. 13 at 2.) Amazon does not explain why this is insufficient. It was Amazon's burden to do so. *See* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2004) Candidly, the Court is skeptical that physically attaching an EEOC charge is required to comply with Rule 8 of the Federal Rules of Civil Procedure, especially where, as here, the Court has denied Amazon's Rule 12(b)(1) motion. In any event, this point was not meaningfully addressed in Plaintiff's opening brief, so the Court declines to wade further into this thicket.

Accordingly, IT IS HEREBY ORDERED that:

1. The F&R filed July 14, 2017, are adopted, as supplemented, modified, and clarified herein;

2. Amazon's motion to dismiss (ECF No. 33) is DENIED; and

3. Amazon is directed to answer the Second Amended Complaint within 30 days.

Dated: 2/12/2018

_____
Troy L. Nunley
United States District Judge