UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. WHITSITT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AMAZON.COM, et al.,<br><br>　　　　　Defendants. | No. 2:14-cv-00416-TLN-CKD PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

Before the court is defendant Amazon.com's ("defendant") motion for summary judgment against plaintiff. (ECF No. 67.) Defendant's motion for summary judgment came on regularly for hearing on June 13, 2019. Chandra Andrade appeared for defendant. Plaintiff did not appear. Upon review of the documents in support and opposition and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

I.　　Procedural History and Relevant Allegations

Plaintiff alleges the following claims in his second amended complaint: age discrimination, retaliation, wrongful public policy termination, privacy violations, and intentional infliction of emotional distress arising from his work at an Amazon fulfillment center as a temporary non-exempt employee of defendant SMX ("SMX"). (ECF No. 13.) Plaintiff further alleges that Amazon discriminatorily failed to hire him directly from an application he allegedly submitted in 2013, before he was hired by SMX, in violation of the Age Discrimination in

1

Employment Act ("ADEA"). This court dismissed the case sua sponte for failure to state a claim before defendant appeared. On September 20, 2016, the Ninth Circuit affirmed in part, reversed in part, and remanded, finding that this court had properly dismissed all of plaintiff's claims other than his ADEA claim against defendant based on failure to hire. (ECF No. 23.) On remand, this court issued an order that "this action will proceed solely against defendant Amazon.com on plaintiff's claim for age discrimination based on failure to hire." (ECF No. 24.)

Plaintiff alleges the following against defendant regarding his ADEA claim for failure to hire. Plaintiff is over the age of 40. (ECF No. 13 at 4.) Plaintiff was not hired by defendant and saw "all hired as way Considerably Younger and less Qualified." (Id. at 3.) Plaintiff reported this to defendant's human resources on October 17, 2013, November 13, 2013, and December 1, 2013. (Id.) Plaintiff alleges that he was well qualified "for any open position at Amazom.com [sic]" and has "extensive real life experience in Manufacturing, General Warehousing, Quality Control and Reporting to Government Agencies and Law and Legal Affairs." (Id. at 4.) Plaintiff applied for a position by filling out and completing an "Amazon Online Application" on or about August 10, 2013. (ECF No. 13 at 4.) Plaintiff believes he was "deliberately and intentionally singled out and denied employment by direct hire" by defendant as a result of his age. (Id.) Plaintiff noticed "only about 10 or so Workers over the age of 45 out of some 600 amazon Employee Workers." (Id.)

II. Legal Standard for a Summary Judgment Motion

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . . ." Fed. R. Civ. P. 56(c)(1)(A).

Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element

1 | essential to that party's case, and on which that party will bear the burden of proof at trial. See
2 | Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[A] complete failure of proof concerning an
3 | essential element of the nonmoving party's case necessarily renders all other facts immaterial."
4 | Id. at 323.

5 | If the moving party meets its initial responsibility, the burden then shifts to the opposing
6 | party to establish that a genuine issue as to any material fact actually does exist. See Matsushita
7 | Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the
8 | existence of this factual dispute, the opposing party may not rely upon the allegations or denials
9 | of their pleadings but is required to tender evidence of specific facts in the form of affidavits,
10 | and/or admissible discovery material, in support of its contention that the dispute exists or show
11 | that the materials cited by the movant do not establish the absence of a genuine dispute. See Fed.
12 | R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the
13 | fact in contention is material, i.e., a fact that might affect the outcome of the suit under the
14 | governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv.,
15 | Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is
16 | genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving
17 | party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

18 | In the endeavor to establish the existence of a factual dispute, the opposing party need not
19 | establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual
20 | dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at
21 | trial." T.W. Elec. Serv., 809 F.2d at 630. Thus, the "purpose of summary judgment is to 'pierce
22 | the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"
23 | Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) 1963 advisory committee's note).

24 | In resolving the summary judgment motion, the evidence of the opposing party is to be
25 | believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the
26 | facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475
27 | U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's
28 | obligation to produce a factual predicate from which the inference may be drawn. See Richards

v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244–45, 1247 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 586–87 (citation omitted).

The burden-shifting framework outlined in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), governs actions for retaliation under the ADEA. Shelley v. Geren, 666 F.3d 599, 607 (9th Cir. 2012). Under this framework, if the employee establishes a prima face case of retaliation, the employee has justified a presumption of retaliation, and the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory reason for its allegedly retaliatory conduct. Metoyer v. Chassman, 504 F.3d 919, 931 n.6 (9th Cir. 2007). If the employer satisfies this burden of production, the presumption of unlawful discrimination "drops out of the picture." St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 510–11 (1993). The employee must then provide evidence that creates a genuine issue of material fact concerning whether the employer's proffered nondiscriminatory reason is merely pretext. Dominguez–Curry v. Nev. Transp. Dep't, 424 F.3d 1027, 1037 (9th Cir. 2005) (citing Coleman v. Quaker Oats Co., 232 F.3d 1271, 1282 (9th Cir. 2000)). Despite the burden shifting, the ultimate burden of proof remains on the plaintiff to show that the employer discriminated against him on the basis of age. Coleman, 232 F.3d at 1280–81.

III. Evidentiary Objections

Pursuant to Rule 56(c) of the Federal Rules of the Civil Procedure, "an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

Defendant raises thirty-three evidentiary objections to plaintiff's evidence in opposition to summary judgment. (ECF No. 77.) The court will not address any objections to evidence on the ground that the evidence is irrelevant, speculative, or constitutes an improper legal conclusion because it may rely only on relevant evidence in addressing the motion. Burch v. Regents of

Univ. of Cal., 433 F. Supp. 2d 110, 119 (E.D. Cal. 2006) (stating that relevance objections are redundant because a court cannot rely on irrelevant facts in resolving a summary judgment motion). The court will resolve other objections only to the extent it finds the disputed evidence has any bearing on the issues before it. Schwarz v. Lassen Cnty. ex rel. the Lassen Cnty Jail, No. 2:10–cv–3048 MCE CMK, 2013 WL 5425102, at *13 (E.D. Cal. Sep. 27, 2013) (noting that extensive evidentiary objections undercut the goals of judicial efficiency and avoiding costly litigation); Olenicoff v. UBS AG, No. SACV 08–1029 AG (RNBx), 2012 WL 1192911, at *7 (C.D. Cal. Apr. 1, 2012) ("[o]n motions with voluminous objections, 'it is often unnecessary and impractical for a court to methodically scrutinize each objection and give a full analysis of each argument raised.'" (quoting Capitol Records, LLC v. BlueBeat, Inc., 765 F. Supp. 2d 1198, 1200 n.1 (C.D. Cal. 2010))).

Defendant objects to plaintiff's evidence that he applied for a position and received confirmation from defendant's website "confirming his application was accepted and that his Resume also was downloaded and both timely accepted." (ECF No. 77 at 4–7 (objection nos. 2–5 (citing Whitsitt Affidavit at 1:21–25).) Defendant argues that these statements, *inter alia*, lack foundation and contradict prior sworn interrogatory responses.

The court interprets defendant's objection as a request that the court deem plaintiff's affidavit a "sham" under the "sham affidavit" or "Foster-Radobenko" rule, which "applies to conflicts between affidavits and interrogatory responses as well as deposition testimony." Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc., 5 F.3d 1255, 1264 (9th Cir. 1993). "[T]he *Radobenko* court was concerned with 'sham' testimony that flatly contradicts earlier testimony in an attempt to 'create' an issue of fact and avoid summary judgment." Kennedy v. Allied Mut. Ins. Co., 952 F.2d 262, 266–67 (9th Cir. 1991). In making this determination, the court should decide whether the actions "were the result of an honest discrepancy, a mistake, or the result of newly discovered evidence." Id. at 267. Also, if the affiant gives a plausible excuse for the contradiction, the affidavit might not be deemed a sham. Jack v. Trans World Airlines, Inc., 854 F. Supp. 654, 660 (N.D. Cal. 1994).

Here, the court notes a distinct change in plaintiff's position. In his discovery responses,

5

plaintiff states that he never heard back from defendant after submitting an application. (ECF No. 68-2 at 2; ECF No. 68-1 at 2.) However, in his affidavit opposing summary judgment, plaintiff now claims that he received a confirmation email from defendant after submitting an application. (ECF No. 75 at 3.) This affidavit does more than explain plaintiff's discovery responses regarding what happened after he submitted an application—it flatly contradicts them with no explanation for the discrepancy. This type of position change supports a finding that plaintiff's affidavits submitted with his opposition conflict with earlier discovery responses and were generated solely in an attempt to create a genuine issue of material fact. Sch. Dist. No. 1J, 5 F.3d at 1264 (explaining that "a party should not be able to substitute an affidavit alleging helpful facts for earlier [discovery responses] harmful to its case in order to avoid summary judgment").

Similarly, the affidavit of plaintiff's friend, Kevin O'Keefe, submitted with plaintiff's opposition, fails to create a genuine issue of material fact as to whether plaintiff received communication from defendant following submission of an application. Just as a party who opposes a summary judgment motion may not contradict his sworn statements with his own declaration, he may not use somebody else's declaration for that purpose. School Dist. No. 1J, 5 F.3d at 1264–65. Furthermore, Mr. O'Keefe provides no basis for his knowledge of emails plaintiff received in his personal email account.

For these reasons, the court finds that plaintiff's affidavit regarding communications from defendant is a sham affidavit generated solely to create a genuine issue of material fact.

IV. Relevant Facts

Defendant submitted declarations from Troy Gulbrandson, Piyush Khengar, Christina Matthews, and defense counsel Chandra Andrade in support of its motion for summary judgment.

Khengar is an Amazon.com, Inc. employee and currently works on the implementation of integrations between third-party recruiting software and defendant's information technology systems. (ECF No. 67-3 at ¶ 2.) Gulbrandson is a recruiting systems analyst for Amazon Corporate LLC. (ECF No. 69 at ¶2.) Defendant's recruiting system for exempt positions, iCIMS, only notifies defendant's recruiting personnel that an applicant is ready for consideration once that applicant applies to a specific job posting through their profile. (ECF No. 67-3 at ¶ 4; ECF

6

No. 69 at ¶ 4.) Absent an affirmative act of applying for a specific job posting, iCIMS does not trigger review or action by Amazon recruiting personnel. (Id.) Defendant's recruiting system does not include fields for applicants to input ages or dates of birth. (ECF No. 67-3 at ¶ 5; ECF No. 69 at ¶ 5.) iCIMS automatically sends standardized correspondence to applicants at different stages of the application process. (ECF No. 69 at ¶ 6.) Gulbrandson performed searches in iCIMS in February 2017, February 2019, and March 2019 for "Whitsitt," which searches returned a profile that was created on July 31, 2013 with an uploaded resume that was never tied to a specific job posting. (Id. at ¶ 8, Ex. A.)

Matthews is an Amazon.com Services, Inc. employee responsible for performing record searches and analyzing the data and functionality of defendant's non-exempt applicant tracking systems software. (ECF No. 67-4 at ¶ 2.) Defendant started migrating applicant data from its old applicant tracking system, Taleo, to its new applicant tracking system, Salesforce, in 2013. (Id. at ¶ 3.) Record searching within Salesforce captures records originally created in Taleo as well as records created in Salesforce. (Id.) Matthews performed searches in Salesforce on February 23, 2017 and February 20, 2019 for "William Whitsitt, Will Whitsitt, and Bill Whitsitt," which searches did not return any record of an application. (Id. at ¶ 4.) From July 2013 forward, Taleo automatically sent a confirmation email to applicants when an application was submitted. (Id. at ¶ 5.)

Plaintiff admitted in his responses to defendant's request for admissions that he does not believe that anyone from Amazon.com contacted him about his application and resume he submitted on defendant's employment site. (ECF No. 68-2 at 2.) Plaintiff also stated in response to interrogatories that he "never heard back from Amazon.com" and it "never responded to" him. (ECF No. 68-1 at 2.) Plaintiff states in his affidavit in opposition to the motion that he filled out an application, downloaded his resume, and received confirmation that it was received. Plaintiff claims he received an email confirmation that he deleted several years ago by accident as "unnecessary." (ECF No. 75 at 3.) Plaintiff's affidavit also states that defendant's "application asked [plaintiff] for [his] date of birth." (ECF No. 75 at 5:4.) As noted above, however, plaintiff's affidavit directly contradicts his interrogatory responses regarding receiving a

7

1 confirmation email from defendant. Even if plaintiff's affidavit is not considered a sham
2 affidavit, however, the self-serving nature of the affidavit affords it little deference here and fails
3 to establish plaintiff applied for a specific position that put defendant on notice that his
4 application was ready for consideration or provided defendant with his age.

V. <u>Analysis</u>

Defendant moves for summary judgment on the grounds that (1) plaintiff never applied for a specific position, and (2) even if he had, plaintiff's application would not have included his age and the decision-maker was therefore unaware plaintiff was over 40. (ECF No. 67-1 at 5.) Defendant argues that because of this, it cannot have discriminated against plaintiff based on his age for a position he never applied for. In opposition, plaintiff argues he filled out an application and downloaded his resume and received confirmation that it was received. Plaintiff claims he received an email confirmation that he deleted several years ago by accident as unnecessary. (ECF No. 75 at 3.) Plaintiff further argues that he was asked for his age when he submitted an application. (<u>Id.</u> at 5.)

Under the ADEA, employers may not "fail or refuse to hire . . . any individual [who is forty years old or older] or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of [that] age." 29 U.S.C. § 623(a)(1). To establish an age discrimination claim, plaintiff must show he experienced an adverse employment action; in other words, Plaintiff must show "that he applied and was qualified for a job for which the employer was seeking applicants, [and] . . . that, despite his qualifications, he was rejected." <u>McDonnell Douglas</u>, 411 U.S. at 802.

Here, although plaintiff argues in his opposition he received an email confirmation that he deleted several years ago, he did not provide any evidence of submitting a specific job application with defendant except for his affidavit that states, "I William Whitsitt, did Apply for Permanent position with Amazon." (ECF No. 75 at 3 (emphasis omitted).) Plaintiff also provides an affidavit signed by Kevin Ryan O'Keefe stating he witnessed plaintiff "applying for Amazon.com . . . [and] getting a confirmation from that website confirming his application was accepted and that his Resume also was downloaded and both timely accepted." (ECF No. 75 at 13:11–12.)

Mr. O'Keefe's affidavit does not provide any facts upon which he bases his observations. Defendant maintains that it has no record of plaintiff's application. (ECF No. 67-1 at 6–7.)

Plaintiff's mere assertion in his opposition that he applied for an unidentified position is insufficient to create a genuine dispute of material fact on this issue. Plaintiff provides only vague references to an application combined with his statement that he uploaded his resume, which fails to establish a dispute regarding whether an application for a specific job position was submitted. Plaintiff states that he filled out an application, downloaded his resume, and received confirmation that it was received. (ECF No. 75 at 3.) Defendant's evidence confirms that plaintiff did create an account and uploaded his resume on July 31, 2013. (ECF No. 67-1 at 6.) However, the issue, which is not squarely addressed by plaintiff's affidavit, is whether plaintiff applied for a *specific job* that would have put defendant on notice of his application. (See id. at 6 (explaining that defendant's recruiting system for exempt positions only notifies defendant's recruiting personnel that an applicant is ready for consideration once that applicant applies to a specific job posting through their profile).)

Without further evidence, plaintiff's self-serving testimony is insufficient to defeat summary judgment because he fails to provide any facts showing that he applied for a specific position that put defendant on notice that his application was ready for consideration. See McDonnell Douglas, 411 U.S. at 802 (plaintiff must show that he applied for a job for which the employer was seeking applicants); see also Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990) (explaining that the object of Rule 56 "is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit"); Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002) (explaining that "this court has refused to find a 'genuine issue' where the *only* evidence presented is 'uncorroborated and self-serving' testimony" (emphasis added) (quoting Kennedy v. Applause, Inc., 90 F.3d 1477, 1481 (9th Cir. 1996))); Nigro v. Sears, Roebuck & Co., 784 F.3d 495, 497 (9th Cir. 2015) (explaining that although a court may not disregard a piece of evidence at the summary judgment stage solely based on its self-serving nature, a self-serving declaration does not always create a genuine issue of material fact for summary judgment and the district court "can disregard a self-serving

9

declaration that states only conclusions and not facts that would be admissible evidence"); FTC v. Publ'g Clearing House, Inc., 104 F.3d 1168, 1171 (9th Cir. 1997) (noting that "conclusory, self-serving affidavits" and "statements in []briefs" that lack "detailed facts and any supporting evidence, [are] insufficient to create a genuine issue of material fact").

Plaintiff has not met his burden of presenting specific, internally consistent evidence that defendant's alleged reasons for not hiring plaintiff are a pretext for a discriminatory motive. Indeed, plaintiff offers no evidence showing that he applied for a specific position with defendant or that he provided his age to defendant. He does not possess a copy of the website message stating an application for a specific job was received or an email from defendant confirming receipt of his application (as opposed to confirmation that he created a profile). (ECF No. 75 at 3:14–16.) Importantly, as discussed above, plaintiff provides inconsistent statements as to whether he ever even received communications from defendant following submission of his resume. (Compare ECF No. 68-1 at 2 (plaintiff's interrogatory response stating "I never heard back from Amazon.com") and ECF No. 68-2 at 2 (plaintiff's responses to request for admissions, admitting that he does not believe that anyone from Amazon.com contacted him about his application and resume he submitted on defendant's employment site) with ECF No. 75 at 3 (stating plaintiff received an "email confirmation" after downloading his resume)); See Nigro, 784 F.3d at 498 (explaining that uncorroborated and self-serving testimony may be sufficient to establish a genuine dispute of fact where it is internally *consistent*).

In sum, defendant met its burden to show that plaintiff cannot present a prima facie case of age discrimination under the ADEA because he cannot establish that he applied for a specific job with defendant that put defendant's recruiting personnel on notice that an application was ready for consideration. Plaintiff has not created a genuine dispute of material fact that he applied for a position and, therefore, fails to meet the second element of the McDonnell Douglas framework. See McDonnell Douglas, 411 U.S. at 802 (holding that to establish a claim for discrimination, a plaintiff must demonstrate that he actually "applied and was qualified for" the position).

Even assuming *arguendo* plaintiff did submit an application for a specific position,

defendant presented evidence showing that its application software does not require an applicant's age and defendant therefore could not have been aware of plaintiff's age. (ECF No. 69 at ¶ 5; ECF No. 67-3 at ¶ 5.) Plaintiff again provides no evidence other than a self-serving affidavit claiming defendant's "application asked [plaintiff] for [his] date of birth." (ECF No. 75 at 5:4.) However, plaintiff provides no other evidence to support his self-serving statement, and his resume that he claims was uploaded provides no indication of his age. (ECF No. 69-1.) Evidence presented by the nonmoving party that only provides "some metaphysical doubt as to the material facts," Matsushita, 475 U.S. at 586, such as a "scintilla of evidence" or evidence that is "merely colorable" or "not significantly probative," Anderson, 477 U.S. at 249–50, 252, does not make an issue of material fact genuine. Plaintiff again has not created a genuine dispute of material fact that he provided his age when he applied for an unidentified position and, therefore, fails to meet this element under McDonnell Douglas. Shelley, 666 F.3d at 608 (explaining that a prima facie case of age discrimination "requires evidence adequate to create an inference that an employment decision was based on an illegal discrimination criterion"). Even if the court were to assume that defendant received an application from plaintiff, defendant asserts that it would not have been aware of plaintiff's age and cannot therefore have discriminated against plaintiff based on his age. These assertions are supported with unrefuted documentary evidence. Defendant has therefore established non-discriminatory reasons for not hiring plaintiff.

In sum, the ultimate burden of proof remains on the plaintiff to show that defendant discriminated against him on the basis of age. Coleman, 232 F.3d at 1280–81. Plaintiff has not done so here. On this record, plaintiff has failed to create a triable issue of fact as to the elements of and ADEA claim. Thus, summary judgment should be granted as to plaintiff's ADEA claim.

Accordingly, IT IS HEREBY RECOMMENDED that defendant's motion for summary judgment (ECF No. 67) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections

to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 27, 2019

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

15 whitsitt00416.sj_f&r